# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

ROSEMARY OGBENNA,

    Plaintiff,

v.

ISAAC AIGBOKHAS,

    Defendant.

Civil Action No. TDC-17-1373

## MEMORANDUM ORDER

On May 18, 2017, Plaintiff Rosemary Ogbenna filed suit against Defendant Isaac Aigbokhas asserting claims for intentional misrepresentation and fraud, constructive trust, and unjust enrichment and seeking $500,000 in damages. Ogbenna's claims stem from her allegation that she invested over $200,000 in one of Aigbokhas's properties with the promise that she would be given an interest in the property but that, to date, Aigbokhas has not fulfilled that promise. Ogbenna asserted that this Court has subject matter jurisdiction over these state law causes of action on the basis of diversity jurisdiction, under which federal courts may hear claims between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332 (2012). According to the Complaint, Ogbenna is a resident and citizen of Washington, D.C., and Aigbokhas is a resident and citizen of Maryland. On May 30, 2017, a private process server delivered the Complaint to 1029 Kings Tree Drive in Bowie, Maryland ("the Kings Tree Drive Address"), where it was accepted by Aina Ahanmisi, Aigbokhas's adult daughter. The process server affirmed in the Return of Service that Ahanmisi stated that she "permanently resides at the location with" Aigbokhas. Return of Service, ECF No. 6.

Aigbokhas has filed a Motion to Dismiss in which he asserts (1) a lack of subject matter jurisdiction because both he and Ogbenna are citizens of Washington, D.C., and (2) improper service. In support of his contention that he resides in Washington, D.C., Aigbohkas submitted with his Motion (1) an affidavit from Ahanmisi in which she states that Aigbokhas does not live at the Kings Tree Drive Address; (2) his 2016 individual tax return, which lists his home address as 4016 Grant Street N.E., Washington, D.C. 20019 ("the Grant Street Address"); and (3) a Washington, D.C. identification card, issued in March 2012, that lists his address as the Grant Street Address.

In opposing the Motion, Ogbenna has submitted the following materials: (1) her own affidavit, in which she asserts that while in a romantic relationship with Aigbokhas between 2013 and 2016, she spent time with him at the Kings Tree Drive Address, which he represented to her was his residence, and that the Grant Street Address houses Aigbokhas's tax-preparation business as well as a residence, but that Aigbokhas rents out the residential portion of the property; (2) a docket sheet from the District Court for Montgomery County, Maryland relating to a December 2015 motor vehicle charge against Aigbokhas, which lists his address as the Kings Tree Drive Address; (3) a docket sheet from the District Court for Somerset County, Maryland relating to a June 2015 traffic violation charged against Aigbokhas, which lists his address as 5989 Amber Ridge Road in Haymarket, Virginia; and (4) a docket sheet from Aigbokhas's 2007 conviction in the United States District Court for the District of Maryland (Williams, J.) for multiple counts of Aiding and Assisting in the Preparation of False Tax Returns, in violation of 26 U.S.C. § 7206(2).

With his reply brief, Aigbokhas supplements the record with (1) a June 2017 electric bill in his name for the Grant Street Address, (2) a July 2017 water bill in his name for the Grant

Street Address, (3) a May 2017 mortgage statement in his name for the Grant Street Address, (4) a November 2016 gas bill in his name for the Grant Street Address, (5) voter registration records establishing that in as late as December 2013, Aigbokhas was registered to vote in Washington, D.C. based on the Grant Street Address, and (6) a second affidavit from Ahanmisi in which she asserts that her only statement to the process server was that Aigbokhas comes to the Kings Tree Drive Address "to see his children." Ahanmisi Aff. ¶ 2, Reply Mem. Ex. 6, ECF No. 9-6.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Because Ogbenna filed suit in this Court, and Aigbokhas has questioned jurisdiction, Ogbenna must establish the requirements of diversity jurisdiction "by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010).

At this point, Ogbenna has failed to meet this burden. Diversity jurisdiction requires that the litigants be "citizens of different states." 28 U.S.C. § 1332. Citizenship is determined by a party's "domicile." *Washington v. Hovensa, LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *Vlandis v. Kline*, 412 U.S. 441, 454 (1973) (citation omitted). "Courts look to the facts as of the date an action is filed to determine whether or not diversity of citizenship exists between the parties." *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). No one thing is determinative of domicile; instead, courts consider multiple factors, including "declarations, exercise of political rights,

conclusions about Aigbokhas's domicile from that document in light of Aigbokhas's prior conviction for tax fraud.

Where the issue of Aigbokhas's citizenship has not been definitively proven, and the facts relating to domicile are largely outside of Ogbenna's control, the Court concludes that Ogbenna is entitled to jurisdictional discovery. *See Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993) ("Discovery under the Federal Rules of Civil Procedure is, of course, broad in scope and freely permitted . . . [and] . . . limited discovery may be warranted to explore jurisdictional facts"). The Motion will therefore be denied without prejudice to enable the parties to conduct limited jurisdictional discovery.

Accordingly, it is hereby ORDERED that:

1. Aigbokhas's Motion to Dismiss, ECF No. 7, is DENIED WITHOUT PREJUDICE to renewal at the close of jurisdictional discovery.

2. The parties are GRANTED 60 days for jurisdictional discovery. The deadline for a party to respond to any jurisdictional discovery request is REDUCED to 15 days.

3. Aigbokhas's deadline to file an Answer or other responsive pleading is SUSPENDED until 15 days after the close of jurisdictional discovery. The parties are directed to comply with the terms of the Court's Case Management Order, ECF No. 10, relating to the filing of any motions.

Date: February 27, 2018

                                                            THEODORE D. CHUANG
                                                            United States District Judge